Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
Emilie E. de la Motte (SBN: 233557)
edelamotte@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
MIKE BROWN; ONOME OJO; MATT STONEBRAKER; IAN REID; BRAD MARWEG; JESSE SOUZA; ANTHONY DIAZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TORIANO GERMAINE HUDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHMOND POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. CV-15-00787 SI<br><br>**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Trial Date:    None Set |

Comes now Defendants Officer Mike Brown, Officer Onome Ojo, Sergeant Matt Stonebraker, Officer Ian Reid, Officer Brad Marweg, and Officer Jesse Souza, Officer Anthony Diaz ("Defendants") and answer Plaintiff Toriano Germaine Hudson's ("Plaintiff") Complaint as follows:

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.   In answer to Section I of the Complaint, Defendants admit that this is a civil lawsuit against Richmond Police Department officers.

## PARTIES

2.   In answering Section II of the Complaint, Defendants admit that Officers Diaz, Brown, Ojo, Reid, and Marweg and Sergeant Stonebraker were duly appointed officers and/or

employees of the City of Richmond at the time of the subject incident. As to the remainder of the allegations therein, Defendants are unable to admit or deny the allegations therein based on lack of information and belief.

## STATEMENT OF CLAIM

3. In answering Section III of the Complaint, Defendants deny the allegations therein.

## RELIEF

4. In answering Plaintiff's Prayer in Section IV of Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer, or any relief at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants allege that each Defendant enjoys qualified immunity against each and every one of Plaintiff's federal claims.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are founded upon principals of negligence, the Complaint, and each and every claim therein, is barred by the provisions of California Government Code sections 815 and 815.2(b).

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are founded upon principals of negligence, Plaintiff and/or others (named or unnamed in the Complaint) were negligent in and about the matters referred to in the Complaint and such negligence bars or diminishes Plaintiff's recovery against Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code section 818.2.

///

///

### SIXTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code section 818.8.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code sections 820.2 and 815.2.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code sections 820.4 and 815.2.

### NINTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code sections 820.6 and 815.2.

### TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code sections 820.8 and 815.2.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code sections 821.6 and 815.2.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code sections 821.8 and 815.2.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code sections 822.2 and 815.2.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege they had probable cause to believe their actions toward the Plaintiff were lawful.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in the Complaint pursuant to the provisions of California Penal Code section 835.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in the Complaint pursuant to the provisions of California Penal Code section 835a.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in the Complaint pursuant to the provisions of California Penal Code section 836.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in the Complaint pursuant to the provisions of California Penal Code section 836.5.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereby allege that Plaintiff's alleged injuries or damages, if any there were, were aggravated by the failure of Plaintiff and/or others (named or unnamed in the Complaint) to use reasonable diligence to mitigate those injuries or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that they took reasonable precautions with regard to protecting against any risk of injury complained of by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards, and thereafter knowingly and willingly assumed those risks.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has waived his right to maintain this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is barred from maintaining this action by the principal of estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that they were privileged to detain Plaintiff at the times and place alleged.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint, and each and every claim therein, fails to state facts sufficient for an award of attorneys' fees against these Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff was comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company*, 13 Cal.3d 804 (1975), and Defendants pray that any and all damages proven by Plaintiff, if any, be reduced by the percentage of his negligence.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is guilty of willful, careless, reckless, and/or wanton misconduct which contributed to the happening of the incident which resulted in his alleged injuries or damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims for punitive damages are barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action therein, is barred by the California Tort Claims Act, including but not limited to Government Code sections 815 *et. seq.*, 815.2, 820 *et. seq.*, 820.4 and 825 *et. seq.*, 815(b); 815.2(b); 815.4; 818; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.4; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2 and 856.4.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants allege that the fault of persons other than answering Defendants contributed to and proximately caused the occurrence; and under the principles formulated in the case of

*American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of California Civil Code sections 1431, 1431.1, 1431.2 and 1431.3, Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants state that any act or omission on the part of answering Defendants was not the proximate cause of Plaintiff's injury.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's injuries were caused by the negligence or other act or omission of third parties, and Defendants are entitled to equitable and statutory indemnity from such third parties.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

In the event that Defendant are found liable – which liability is specifically denied and stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986 (Proposition 51) as set forth in Sections 1431.2 and 1432, *et seq.* of the California Civil Code. Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Act applies and that a separate judgment be rendered against each such person or entity in the amount of such non-economic damages attributable to that person or entity.

### PRAYER

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by reason of his Complaint for Damages;
2. That judgment be entered in favor of Defendants;
3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 29, 2015

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /S/ Emilie E. de la Motte
Emilie E. de la Motte
Attorneys for Defendants
MIKE BROWN; ONOME OJO; MATT STONEBRAKER; IAN REID; BRAD MARWEG; JESSE SOUZA; ANTHONY DIAZ

**DEMAND FOR JURY**

Defendants demand a jury trial.

DATED: June 29, 2015

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /S/ Emilie E. de la Motte
Emilie E. de la Motte
Attorneys for Defendants
MIKE BROWN; ONOME OJO; MATT STONEBRAKER; IAN REID; BRAD MARWEG; JESSE SOUZA; ANTHONY DIAZ

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Alameda, State of California. My business address is 555 12th Street, Suite 1500, Oakland, CA 94607.

On June 29, 2015, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

Toriano Germaine Hudson
#CC14GJ994
901 Court Street
Martinez, CA 94553

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Meyers, Nave, Riback, Silver & Wilson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 29, 2015, at Oakland, California.

_____
Kathleen K. Yanaga