UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON, | No. C 15-787 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| RICHMOND POLICE DEPARTMENT; et al., | |
| Defendants. | |

In this *pro se* prisoner's civil rights action, plaintiff claims that he was subjected to excessive force during his January 17, 2014 arrest by members of the Richmond Police Department after he caused a car accident. The court screened the complaint pursuant to 28 U.S.C. § 1915A, determined that plaintiff had stated a cognizable excessive force claim against the seven individual members of the Richmond Police Department, and dismissed the Richmond Police Department because plaintiff did not adequately allege a basis for municipal liability. *See* Docket # 8 at 2-3. The court ordered service of process on the individual defendants. *Id.* at 3. The individual defendants have appeared and obtained an extension of the deadline to file dispositive motions; the current deadline for dispositive motions set for October 2, 2015. Docket # 34. The court denied plaintiff's first motion for appointment of counsel. *See* Docket # 8 at 3. This matter is now before the court for consideration of several miscellaneous requests.

Plaintiff has filed a motion to amend his complaint to reinstate the Richmond Police Department as a defendant, urging that the Richmond Police Department should be held liable because the individual officers "were all working for an[d] in the line of duty R.P.D. under their policy as officers on duty for the City of Richmond." Docket # 37 at 1.

1 Plaintiff's motion to amend fails for both procedural and substantive reasons. First, the
2 motion is procedurally deficient because plaintiff did not attach a proposed amended complaint.
3 Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when
4 justice so requires but the court cannot make that determination without seeing the proposed new
5 pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft
6 complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court
7 had nothing upon which to exercise its discretion.")   Second, even if the court construed the
8 motion to amend to be a proposed amendment to the complaint or otherwise overlooked the
9 failure to attach a proposed amended complaint, the motion fails to show a basis of liability for
10 the Richmond Police Department. As the court explained in the order of service, the Richmond
11 Police Department cannot be held liable under § 1983 on a theory that it is responsible for the
12 actions or omissions of its employees (i.e., respondeat superior liability) and that certain
13 allegations were necessary to show a basis for municipal liability under § 1983. *See* Docket #
14 8 at 2-3. The Richmond Police Department is not liable simply because it employed the alleged
15 wrongdoers. And plaintiff's mere mention of the word "policy" in his motion to amend does not
16 suffice to plead municipal liability against the Richmond Police Department. *See AE v. County*
17 *of Tulare*, 666 F.3d 631, 636-38 (9th Cir. 2012) (for municipal liability, a plaintiff must plead
18 sufficient facts regarding the specific nature of any alleged policy, custom or practice to allow
19 the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is
20 entitled to relief). Accordingly, plaintiff's motion to amend is DENIED. Docket # 37.

21 Plaintiff has filed a renewed motion to proceed *in forma pauperis*. The renewed motion
22 to proceed *in forma pauperis* is DENIED as unnecessary. Docket # 38.  Once the court has
23 granted permission for a plaintiff to proceed *in forma pauperis* – as the court did on April 22,
24 2015 (*see* Docket # 7) – it is unnecessary for a plaintiff to ask for permission again to proceed
25 *in forma pauperis*. Plaintiff's *in forma pauperis* status continues for the life of the case in the
26 district court unless revoked.

27 Plaintiff has sent the court a letter stating that he has "suffered a mental breakdown and
28 is not mentally prepared to proceed in this case without the help of court appointed counsel."

2

Docket # 35. Defendants have filed a response in which they suggest that plaintiff's alleged mental impairment is questionable because (a) plaintiff does not explain why he had sufficient mental awareness to file this action in February 2015 but is now unable to proceed, and (b) plaintiff made a similar claim in his criminal trial, which the court rejected as malingering and so instructed the jury. Docket # 36 at 1-2. The court construes the letter as a renewed request for appointment of counsel; upon due consideration of the request and the materials in the court file, the court DENIES plaintiff's request for appointment of counsel. Docket # 35. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Plaintiff has presented a straightforward excessive force claim that appears to be neither legally nor factually complex, and plaintiff has adequately articulated his position in his several filings. Like defendants, the court is unpersuaded by plaintiff's claim of a "mental break down" – plaintiff's letter in which he purported to be unprepared to proceed without counsel was followed just a few days later by a motion to amend the complaint, further suggesting that he is doing just fine pursuing his claim *pro se*.

Finally, if plaintiff genuinely feels unable to proceed with his case *pro se* at this time, he may file a motion for a voluntary dismissal, so that the action can be dismissed without prejudice to him filing a new action at a later date when he feels more confident in his ability to represent himself or finds an attorney willing to represent him.

IT IS SO ORDERED.

Dated: July 28, 2015

_____
SUSAN ILLSTON
United States District Judge

3