UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TORIANO GERMAINE HUDSON,

    Plaintiff,

v.

RICHMOND POLICE DEPARTMENT; et al.,

    Defendants.

No. C 15-787 SI (pr)

**ORDER PERMITTING SECOND AMENDED COMPLAINT**

## INTRODUCTION

In this *pro se* prisoner's civil rights action, plaintiff claims that he was subjected to excessive force during his January 17, 2014 arrest by members of the Richmond Police Department after he caused a car accident. The action is now before the court to address plaintiff's repeated efforts to sue the Richmond Police Department. The court will permit plaintiff one last chance to make the necessary allegations to sue the Richmond Police Department. The court also will vacate the briefing schedule for dispositive motions until the pleading issues are resolved.

## BACKGROUND

The court screened the original complaint pursuant to 28 U.S.C. § 1915A, determined that plaintiff had stated a cognizable excessive force claim against the seven individual members of the Richmond Police Department, and ordered service of process on them. Docket # 8. The

court dismissed the Richmond Police Department because plaintiff did not adequately allege a basis for municipal liability and the department had no liability simply because it employed the officers who allegedly used excessive force. *See* Docket # 8 at 2-3.

On July 21, 2015, plaintiff filed a motion to amend his complaint to reinstate the Richmond Police Department as a defendant, urging that the Richmond Police Department should be held liable because the individual officers "were all working for an in the line of duty R.P.D. under their policy as officers on duty for the City of Richmond." Docket # 37 at 1 (errors in source). The court denied the motion to amend, explaining that the motion was procedurally deficient because plaintiff did not attach a proposed amended complaint, and was substantively deficient because it did not show a basis of liability for the Richmond Police Department. *Id.* at 2.

Plaintiff then filed a document labeled as both an "amended complaint" and "motion to re-amend charges holding Richmond Police Dept. liable and raise liability to $8 million dollars" on August 8, 2015. Docket # 41. In the document, plaintiff again alleged that Richmond police officers used excessive force on him and did so while working for the Richmond Police Department. He also urged that the "Richmond Police Department should be added to this lawsuit." *Id.* at 2. His allegations about the use of force were conclusory: he did not mention the names of the individual officers, or describe their use of force in any detail.

On September 11, 2015, plaintiff filed a document that was unlabeled and unsigned but appears to be yet another amended complaint. Docket # 43. Plaintiff once again alleged that he had been subjected to excessive force and sought damages; he also added a request for injunctive relief preventing defendants "from conducting excessive force arrest without probable cause." *Id.* at 2. Plaintiff alleged: "The Richmond Police Department, State of California, pursuant to written policy, used excessive force to detain the plaintiff, acting under color of law as members of the Rich. Police Dept." *Id.* at 1 (errors in source). Plaintiff's allegations about the use of force were conclusory: he did not mention the names of the individual officers, or describe their use of force in any detail.

## DISCUSSION

### A. A Plaintiff Must Obtain Permission To Amend And Must Be Cautious In Amending

Plaintiff could have amended once as a matter of course within 21 days of serving his complaint. *See* Fed. R. Civ. P. 15(a)(1). More than 21 days had passed after his complaint was served before he filed any of his amended complaints. Plaintiff therefore was required to obtain defendants' written consent or the court's authorization to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff was not free to repeatedly file amended complaints, as he did by filing Docket # 41 and Docket # 43. Instead, if plaintiff wanted to file an amended complaint, he needed to file a motion to amend with a proposed amended complaint attached to that motion. He never did so. The court therefore STRIKES the amended complaints at Docket # 41 and Docket # 43. Docket # 43 is stricken for the additional reason that it is unsigned. Docket # 41 and Docket # 43 are of no effect.

Plaintiff's amended complaints at Docket # 41 and Docket # 43 also highlight the danger of a *pro se* plaintiff tinkering with his pleading after the court has determined that a claim for relief has been stated: he can mistakenly lose claims and defendants when he files an unnecessary amended pleading that omits the required allegations. Both Docket # 41 and # 43 failed to mention any of the individual officers and failed to describe what they did that amounted to excessive force. If the court did not strike these amended complaints, the result would be that all the individual officers would be dismissed from this action because Docket # 41 or Docket # 43 would have superseded the original complaint and had omitted the individual defendants. *See Lacey v. Maricopa County*, 693 F.3d 896, 925-28 (9th Cir. 2012) (an amended complaint supersedes an original complaint and a plaintiff waives all claims not realleged in the amended complaint, except that he does not need to reallege claims the court has dismissed without leave to amend). Dismissing the individual defendants probably was not plaintiff's intention and, fortunately for him, the individual defendants have not yet been dismissed because the court has stricken Docket # 41 and Docket # 43. This discussion does, however, illustrate why a *pro se* litigant should not attempt to amend once the complaint has survived an initial screening such as the § 1915A review unless there is a very good reason to do so. Trying to fine-

3

tune the details of a claim that has been found cognizable, or increasing the amount of damages sought is just the sort of unnecessary amending that can cause unexpected problems for a *pro se* litigant.

Plaintiff's repeated efforts to amend also indicate that he wants to pursue a claim against the Richmond Police Department. In the next section of this order, the court will describe in detail the requirements for pleading municipal liability, so that plaintiff may make one final attempt at alleging municipal liability if he has the facts to do so.

B.   <u>Municipal Liability</u>

Local government entities, such as the Richmond Police Department, are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must establish: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy, custom or practice; (3) that the policy, custom or practice amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy, custom or practice was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). It is not enough to allege simply that a policy, custom, or practice exists that caused the constitutional violations. *AE ex rel. Hernandez*, 666 F.3d at 636-37. The plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *See id.* at 637.

In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights.

*Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). In order to be a policy, the local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Long v. County of Los Angeles*, 442 F.3d 1178, 1188-89 (9th Cir. 2006). Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Harris*, 489 U.S. at 389. "A pattern of similar constitutional violations" by untrained employees is ordinarily necessary to establish that the failure to train or supervise is a deliberate policy. *Connick*, 131 S. Ct. at 1360.

Here, plaintiff's allegations that the police officers were employed by the Richmond Police Department and acting on behalf of the department when they arrested him are not enough to state a claim against the Richmond Police Department.[1] The Richmond Police Department does not have liability merely because the alleged wrongdoers worked for it or represented it, i.e., it does not have respondeat superior liability, as the court has now explained for the third time. *See* Docket # 8 at 2-3; Docket # 40 at 2. It would be frivolous for plaintiff to allege this theory of liability again if he files a second amended complaint.

Plaintiff also has not alleged an adequate basis for municipal liability against the Richmond Police Department. He alleged in his most recent filing that "the Richmond Police Department, State of California, pursuant to written policy, used excessive force to detain the [] plaintiff." Docket # 43. Plaintiff's mere mention of the phrase "written policy" does not suffice to plead municipal liability against the Richmond Police Department. *See AE ex re. Hernandez*, 666 F.3d at 636-38 (for municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of any alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief).

---

[1] For example, plaintiff alleged that individual "defendants were acting under color of authority of the State of California as members of the Police Department of the City of Richmond," and that he would not have been subjected to excessive force "except for the fact that the persons committing [the wrongdoing] were officials purporting to exercise official powers, making R.P.D. liable." Docket # 41 at 2.

5

The Richmond Police Department likely has many, many written policies and could not defend against an allegation as generic as that the wrongdoing was the product of a "written policy." If plaintiff wants to try to allege municipal liability, he needs to do more than say that there was a policy, custom or practice. He needs to describe that policy, custom or practice, and allege facts that plausibly suggest his entitlement to relief against the Richmond Police Department based on that policy, custom or practice. *See id.* at 637. Plaintiff's inability so far to identify with any degree of detail what the policy, custom or practice was suggests he does not know the information. If that is the situation, plaintiff should not file a second amended complaint. Plaintiff is cautioned that he should not fabricate a policy, custom or practice because doing so might subject him to monetary or other sanctions for a legally frivolous filing and he might have to pay the Richmond Police Department's costs if the department prevails against a meritless claim.

The court now grants plaintiff permission to file a second amended complaint in which he may attempt to allege a claim for municipal liability against the Richmond Police Department if he wishes to pursue such a claim. Because this order authorizes a second amended complaint, plaintiff does not need to file a motion to amend at the time he files a second amended complaint. If plaintiff files a second amended complaint, he also must re-allege his claims against the individual officers. That is, he must in his second amended complaint name the individual officers as defendants and allege what each did that amounted to the use of excessive force by each of those individual officers. Any officer who plaintiff fails to name or against whom plaintiff fails to adequately allege a claim of excessive force will be dismissed from this action.

## CONCLUSION

Plaintiff's "motion to re-amend" is DENIED. Docket # 41. Plaintiff's amended complaints at Docket # 41 and Docket # 43 are STRICKEN.

Plaintiff must file and serve any second amended complaint no later than **October 16, 2015**. The second amended complaint must be clearly marked "Second Amended Complaint"

on the first page of the document, and must be signed. Plaintiff is cautioned that the second amended complaint will supersede his earlier pleadings and any claim or defendant not contained therein will be dismissed. If plaintiff does not file a second amended complaint, the action will go forward with his claims against the individual police officers as alleged in the original complaint.

In light of the need to wait for a potential second amended complaint which might add a new defendant, the court now VACATES the briefing schedule for dispositive motions. Once the pleading matters are resolved, the court will set a new briefing schedule for dispositive motions.

IT IS SO ORDERED.

Dated: September 17, 2015

_____
SUSAN ILLSTON
United States District Judge