UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON,<br><br>Plaintiff,<br><br>v.<br><br>DIAZ, et al.,<br><br>Defendants. | Case No. 15-cv-00787-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 49 |

In this *pro se* prisoner's civil rights action, plaintiff claims that he was subjected to excessive force during his January 17, 2014 arrest by members of the Richmond Police Department after he caused a car accident. The action is now before the court to address defendants' motion to dismiss plaintiff's second amended complaint. The court now determines that, liberally construed, the second amended complaint states a cognizable excessive force claim against the individual police officers but does not state a claim against the Richmond Police Department. The court therefore will dismiss the Richmond Police Department. The court also will set a briefing schedule for motions for summary judgment.

## BACKGROUND

The court screened the original complaint pursuant to 28 U.S.C. § 1915A, determined that plaintiff had stated a cognizable excessive force claim against the seven individual members of the Richmond Police Department, and ordered service of process on them. Docket No. 8. The court dismissed the Richmond Police Department because plaintiff did not adequately allege a basis for municipal liability and the department had no liability simply because it employed the officers who allegedly used excessive force. *Id.* at 2-3.

1    Plaintiff thereafter repeatedly attempted to amend to bring the Richmond Police
2 Department back in as a defendant. *See* Docket No. 45 at 1-2 (order recounting history of
3 plaintiff's efforts to amend). The court issued an order permitting the filing of a second amended
4 complaint, in which the court explained the basic law of municipal liability and granted plaintiff
5 permission to file a second amended complaint to try to allege a claim for municipal liability
6 against the Richmond Police Department if he wished to pursue such a claim. *Id.* at 6. The court
7 also informed plaintiff that he needed to re-allege his claims against the individual officers or they
8 would be dismissed.

9    Plaintiff then filed a second amended complaint, which is less than two pages in length.
10 Docket No. 47. The second amended complaint uses a short caption on the first page, listing the
11 defendants as "Richmond Police Department et al.," but mentioning the Richmond Police
12 Department as well as the seven individual officers in the text. *Id.* The second amended
13 complaint alleges that, "on January 17, 2014, after the plaintiff was arrested and in police custody
14 handcuffed, officers from the Richmond Police Department" violated his "right to be free from an
15 unreasonable seizure, a policy," in that they "hit him repeatedly with metal flashlights; choked him
16 'via knee to neck'; punched him in the face repeatedly; kicked him in the mouth; and slammed
17 him into the pavement." *Id.* at 1. The second amended complaint also lists plaintiff's injuries. *Id.*
18 The second amended complaint alleges that "the officers that were involved in this attack on the
19 plaintiff were officers Mike Brown, Onome Ojo, Ian Reid, Brad Marweg, Jesse Souza, Anthony
20 Diaz and sergeant Matt Stonebreaker of the Richmond Police Department, and the Richmond
21 Police Department as a whole." *Id.* at 2.

22   Defendants now move to dismiss the second amended complaint. Docket No. 49. They
23 argue that the second amended complaint does not adequately plead municipal liability and fails to
24 name the individual officers as defendants or allege what each of them did or failed to do to cause
25 a violation of plaintiff's rights.

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended,* 275 F.3d 1187 (9th Cir. 2001). In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

**DISCUSSION**

A. Motion To Dismiss

Local government entities, such as the Richmond Police Department, are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must establish: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy, custom or practice; (3) that the policy, custom or practice amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy, custom or practice was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). It is not enough to allege

1 simply that a policy, custom, or practice exists that caused the constitutional violations. A*E ex rel. Hernandez*, 666 F.3d at 636-37. The plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *See id.* at 637.

In his second amended complaint, plaintiff names the Richmond Police Department as a defendant. The second amended complaint alleges that the officers were from the Richmond Police Department, were "acting under the color of law," and "violated the plaintiff[']s right to be free from unreasonable seizure, *a policy*." *Id.* (emphasis added). Those allegations are not enough to state a claim against the Richmond Police Department on a municipal liability theory. Plaintiff's mere use of the phrase "a policy" is insufficient to allege municipal liability. *See AE ex rel. Hernandez*, 666 F.3d at 637. Plaintiff also alleges that he was attacked by the "the Richmond Police Department as a whole," but that allegation is not at all plausible insofar as he means that every member of the police department used force on him during his arrest. Plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face" against the Richmond Police Department." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. The Richmond Police Department is DISMISSED from this action without further leave to amend. Despite repeated efforts, plaintiff has been unable to state a claim against the Richmond Police Department. It is now time for this action to move past the pleading stage.

Defendants also argue that the second amended complaint fails to state a claim against the individual officers. Defendants argue first that the second amended complaint fails to name any individual defendants. The second amended complaint does not include the individual officers' names in the caption, and instead uses a short-form caption on the first page, listing the defendants as "*Richmond Police Department et al.*" Docket No. 47 at 1. A short-form caption --with the first defendant listed and other defendants' existence noted with an "et al." following the first defendant's name -- is commonplace. The court has used it, as have defendants in this action. Plaintiff's failure to list every single defendant in the caption does not result in the dismissal of the defendants not included on the caption.

Defendants next argue that plaintiff fails to identify the wrongful acts of each of the

4

1 individual officers and improperly lumps them together as a group. It is true that plaintiff does not
2 identify which defendant did what to him, but his *pro se* allegations, liberally construed, were
3 sufficient to state a cognizable claim against the individual officers. *See Erickson*, 551 U.S. at 94
4 ("'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than
5 formal pleadings drafted by lawyers'"). The situation here illustrates the difference between
6 pleading and proving a claim: when the plaintiff is proceeding *pro se*, the court liberally construes
7 the pleading but not the evidence. That is, a *pro se* litigant is allowed considerable leeway in
8 alleging his claims but is held to the same evidentiary standards as a represented plaintiff when it
9 comes time to prove his claims. Defendants' three cited cases concerned the question of proof
10 rather than pleading where a plaintiff has sued a group of defendants without attempting to prove
11 the actions of the specific members of the group. *See Blankenhorn v. City of Orange*, 485 F.3d
12 463, 481 n.12 (9th Cir. 2007) (affirming in part and reversing in part a grant of summary judgment
13 where evidence showed different levels of participation by defendants in an arrest); *Jones v.
14 Williams*, 297 F.3d 930, 936 (9th Cir. 2002) (upholding district court's refusal to give a plaintiff's
15 proposed jury instruction that did not "require[] the jury to find that the officers personally
16 participated in the search, or that they were integral to the search in order to find them individually
17 liable"); C*human v. Wright*, 76 F.3d 292 (9th Cir. 1996) (rejecting jury instructions that allowed a
18 defendant to be held liable on a "team effort" theory even if he was not an individual tortfeasor).
19 Plaintiff's allegation that the seven individual officers were "involved in this attack" suffices for
20 pleading purposes and he need not describe each defendant's specific action to state a claim for
21 excessive force. Defendants may learn the particular conduct plaintiff alleges each defendant was
22 engaged in by interrogatories and/or taking a deposition of plaintiff, and may file a motion for
23 summary judgment before or after such discovery.

B. <u>Miscellaneous Matters</u>

Plaintiff has requested that an attorney be appointed to assist him in this action. Docket No. 52 at 1. The court has denied two earlier requests for appointment of counsel. *See* Docket No. 8 at 3; Docket No. 40 at 3. Plaintiff's third request for appointment of counsel is DENIED for the same reasons the earlier requests were denied.

Plaintiff has requested that the court return to him the photos he sent in with earlier letters. The letters and attachments at Docket Nos. 52 and 54 have been mailed back to plaintiff in a separate envelope. Plaintiff is cautioned that, once a document is sent to the court for filing, the court generally will not return the original of that document. The court will not mail back documents to him in the future. If plaintiff needs to keep the original of a document, he should make a photocopy and mail that photocopy to the court.

**CONCLUSION**

Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. Docket No. 49. The Richmond Police Department is dismissed from this action.

In order to move this action toward resolution, the following briefing schedule for dispositive motions is set:

1. No later than **June 24, 2016**, defendants must file and serve a motion for summary judgment. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

2. Plaintiff's opposition to the summary judgment must be filed with the court and served upon defendants no later than **July 22, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

3.	If defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 5, 2016.**

Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

**IT IS SO ORDERED**.

Dated: April 19, 2016

_____
SUSAN ILLSTON
United States District Judge