1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    TORIANO GERMAINE HUDSON,                    Case No.  15-cv-00787-SI
                    Plaintiff,
8
                                                 **ORDER REGARDING DISCOVERY**
9          v.                                    **AND BRIEFING SCHEDULE**

10   DIAZ, et al.,                               Re: Dkt. No. 60
                    Defendants.
11

12

13          This matter is now before the court for consideration of plaintiff's request for discovery

14   before summary judgment proceedings.  Docket No. 60.  To evaluate that request, it is necessary

15   to recount some procedural history.  This action has been pending for more than fifteen months.

16   More than thirteen months ago, in the order of service, the court explicitly authorized the parties to

17   conduct discovery.  Docket No. 8 at 5.  Although the court had ordered service of process on the

18   individual defendant police officers who allegedly used excessive force on him during an arrest,

19   plaintiff repeatedly tried to amend to state a claim against the Richmond Police Department.  *See*

20   Docket No. 45 at 1-2; Docket No. 57.  On April 19, 2016, the court granted in part defendants'

21   motion to dismiss, dismissing the Richmond Police Department from this action without further

22   leave to amend because, despite repeated efforts, plaintiff had been unable to state a claim against

23   that defendant.  Docket No. 57.  In that same order, the court denied plaintiff's third request for

24   appointment of counsel and set a briefing schedule for summary judgment motions, with

25   defendants' motion for summary judgment being due on June 24, 12016.  *Id.* at 6.

26          Returning now to plaintiff's request for discovery, the court notes that plaintiff has not

27   indicated that he has done *any* discovery, nor does he explain the specific discovery he plans to do.

28   A diligent plaintiff would have had ample time to complete discovery in the thirteen months since

United States District Court
Northern District of California

the court explicitly authorized the parties to conduct discovery.  Plaintiff's request for discovery is DENIED.  Docket No. 60.  Although plaintiff has not shown good cause for his request, in the interest of justice, the court will reset the briefing schedule (at the end of this order) to allow further opportunity for discovery.  Plaintiff must act diligently -- promptly sending his discovery requests and promptly following up if he does not receive satisfactory answers to those requests -- so that he can finish his discovery in this additional period.

It may be that plaintiff thinks the court will do discovery for him, but that would be an erroneous belief because it is the responsibility of the parties to conduct their own discovery.  If plaintiff wants to attempt to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37.  The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the court.  *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.  Plaintiff's discovery requests should not be filed with the court, and instead must be served on defendants by sending them to defense counsel.

United States District Court
Northern District of California

2

The court now resets the briefing schedule for summary judgment motions:  No later than **September 9, 2016**, defendants must file and serve their motion for summary judgment, or notify the court that the case cannot be resolved by summary judgment.  No later than **October 7, 2016**, plaintiff must file and serve his opposition to the motion for summary judgment.  No later than **October 21, 2016**, defendants must file and serve their reply, if any.

**IT IS SO ORDERED**.

Dated:  June 2, 2016

SUSAN ILLSTON
United States District Judge